Electronically Filed - Callaway - January 22, 2020 - 09:06 AM

**IN THE CIRCUIT COURT OF CALLAWAY COUNTY, MISSOURI**

**CHERIE DOYLE, Individually, as natural Sister of Craig Cooper and on behalf of the class of individuals as defined in Mo.Rev.Stat. §537.080;**

**Plaintiff,**

**v.**

**NATIONAL TRUCKLOAD, INC.**
**Serve Operations Manager:**
**Daniel Varo**
**3011 West 17th Street**
**Erie, PA 16505**

**And**

**RAY ELVIS HALES II**
**517 Maryland Avenue**
**Erie, PA 16505**

**Defendants.**

**Case No.**
**Division:**

**JURY TRIAL DEMANDED**

**PETITION FOR WRONGFUL DEATH**

Plaintiff Cherie Doyle, individually, as natural sister of Craig Cooper (deceased), and on behalf of the class of individuals defined in Mo.Rev.Stat. §537.080 (hereinafter referred to as "Plaintiff"), by and through the undersigned attorneys and for her causes of action for the death of Craig Cooper against Defendants, states and alleges as follows:

PARTIES

1. At all relevant times, Craig Cooper, deceased, was a citizen of the State of Missouri and resided at 13706 12th Street, Grandview, MO 64030.

2. Plaintiff Cherie Doyle is an individual and resident of the State of Illinois. Plaintiff Doyle is the natural and surviving sister of Craig Cooper.

EXHIBIT 1

Electronically Filed - Callaway - January 22, 2020 - 09:06 AM

3. Craig Cooper had no spouse, children, or living parents that can bring a claim as class 1 beneficiaries.

4. As the surviving natural sister of the decedent Craig Cooper, Plaintiff Doyle is the proper party to bring this action for the wrongful death of Craig Cooper under Section 537.080, et seq. of the Missouri Revised Statutes (i.e. Class I beneficiaries) for the class of persons identified therein.

5. Defendant National Truckload Inc. (hereinafter referred to as Defendant NTL) is a Pennsylvania corporation with its principal place of business in Pennsylvania. Defendant NTL may be served with process through its operations manager, Daniel Varo at 3011 West 17th Street, Erie, PA 16505.

6. Defendant Ray Elvis Hales II is an individual and resident of the State of Pennsylvania, who may be served with process at 517 Maryland Avenue, Erie, PA 16505.

VENUE

7. Venue is proper in this Court pursuant to Section 508.010 of the Missouri Revised Statutes because Craig Cooper was killed in Callaway County by the wrongful acts and/or negligence of the Defendants described herein.

JURISDICTION

8. This Court has subject matter jurisdiction over this matter pursuant to Section 478.070 of the Missouri Revised Statutes and Mo. Const. Art. V § 14.

9. This Court has personal jurisdiction over Defendants pursuant to Section 506.500 of the Missouri Revised Statutes, including but not limited to subsections (1) and (3), in that Plaintiff's causes of action against Defendants arise from their transaction of business within the State of Missouri and/or their commission of tortious acts within the State of Missouri.

Electronically Filed - Callaway - January 22, 2020 - 09:06 AM

10. This Court has personal jurisdiction over Defendants because all have substantial, systematic and continuous contact with this State such that the exercise of personal jurisdiction over each of them is appropriate.

11. Furthermore, this Court has personal jurisdiction over Defendants because each have each purposefully availed themselves to the privilege of conducting business within this State of Missouri and each have the requisite minimum contacts with this State such that maintenance of this suit does not offend traditional notions of fair play and substantial justice and that defendants NTL and Hales should reasonably anticipate being haled into Court here.

ALLEGATIONS COMMON TO ALL COUNTS

12. On June 3, 2019 at approximately 05:48 a.m., Craig Cooper was driving his 2008 Ford Fusion westbound in the right/outside lane of Interstate 70 in Callaway County, Missouri.

13. At said time and place, Defendant Hales was driving a tractor-trailer owned, operated and/or leased by Defendant NTL (hereinafter referred to as the "NTL Truck") westbound in the left/inside lane of Interstate 70 in Callaway County, Missouri.

14. At all relevant times, Defendant Hales was an employee and/or agent of Defendant NTL.

15. On June 3, 2019, at approximately 5:48am, Defendant Hales drove the NTL Truck into the right/outside lane and collided into Craig Cooper's vehicle.

16. The aforesaid collision caused the 2008 Ford Fusion to exit the roadway and overturn, and Craig Cooper was ejected from the vehicle.

17. As a direct and proximate result of the aforementioned collision, Craig Cooper sustained serious physical injury, conscious pain and suffering and ultimately died.

18. Prior to his death, Craig Cooper experienced conscious pain and suffering.


Case 2:20-cv-04163-NKL Document 1-1 Filed 08/25/20 Page 3 of 11

Electronically Filed - Callaway - January 22, 2020 - 09:06 AM

19. Plaintiff brings this action pursuant to Section 537.080, *et seq*. of the Missouri Revised Statutes.

20. Plaintiff is a member of the class of individuals authorized to pursue a wrongful death claim pursuant to Section 537.080 of the Missouri Revised Statutes.

21. By reason of the foregoing premises, Plaintiff, both individually and on behalf of the wrongful death class members, has been damaged and is entitled to recover fair and just damages under Section 537.090 of the Missouri Revised Statutes for the pecuniary losses suffered by reason of the death of Craig Cooper, funeral and burial expenses and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training and support each has been deprived of by reason of such death, together with any medical expenses and other damages Craig Cooper may have suffered between the time of injury and death as provided therein.

## COUNT I
## Negligence - Defendant Hales

22. Plaintiff hereby incorporates by reference all preceding paragraphs contained in this Petition for Damages as though set forth in full and restated herein.

23. At all relevant times, Defendant Hales owed Craig Cooper and all other vehicle operators he encountered on the road a duty to operate the NTL Truck he was driving with the highest degree of care.

24. Defendant Hales failed to exercise the highest degree of care and was thereby negligent and/or reckless in his operation and control of the NTL Truck in one or more of the following respects:

a. Failing to keep a careful lookout;

b. Failing to yield:

c. Following too close:

Electronically Filed - Callaway - January 22, 2020 - 09:06 AM

d. Failing to maintain control for the conditions;

e. Driving in a distracted and/or inattentive state as result of causes to be revealed through discovery in this case;

f. Driving too fast for conditions and circumstances;

g. Failing to stop, swerve or slow after he knew, or by the use of the highest degree of care could have known, that there was a reasonable likelihood of a collision;

h. Failing to keep the NTL Truck under control and striking Craig Cooper's vehicle;

i. In failing to properly maintain and/or inspect the NTL Truck, as well as failing to ensure the NTL Truck, its components and/or equipment, including but not limited to the NTL Truck's right-side hood mirror, were adequate, safe and or/or in operable condition;

j. In colliding into Craig Cooper's vehicle; and/or

k. Other failures, omissions and acts to revealed through discovery.

25. As a direct result of the collision, which was caused or contributed to by the above-described negligence of Defendant Hales, Craig Cooper was injured and killed, and Plaintiff has sustained the damages described above.

26. The conduct of Defendant Hales described herein showed complete indifference to or conscious disregard for the safety of Craig Cooper and others, thereby entitling Plaintiff to punitive damages and/or damages for aggravating circumstances.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendant Hales on Count I of her Petition for Wrongful Death, that the Court award plaintiff a fair and reasonable amount to adequately compensate her for all her damages, including punitive damages and/or damages for aggravating circumstances, prejudgment interest, interest on the judgment, costs of this action and such other and further relief as this Court deems just and proper.


Case 2:20-cv-04163-NKL Document 1-1 Filed 08/25/20 Page 5 of 11

Electronically Filed - Callaway - January 22, 2020 - 09:06 AM

COUNT II
Negligence *Per Se* - Defendant Hales

27. Plaintiff hereby incorporates by reference all preceding paragraphs contained in this Petition for Damages as though set forth in full and restated herein.

28. Defendant Hales was negligent *per se* in his operation of the NTL Truck in one or more of the following respects:

a. Failing to drive in a careful and prudent manner and with the highest degree of care, as detailed in the preceding Count, in violation of Mo.Rev.Stat. §304.012.1;

b. Operating the NTL Truck while using a hand-held mobile telephone in violation of R.S.Mo. § 304.820.2;

c. Operating the NTL Truck while using a wireless communications device to send, read or write a text message or electronic message in violation of R.S.Mo. § 304.820.3;

d. Failing to adhere to safe operations regulations, in violation of 49 CFR § 383.111(a)(1);

e. Failing to engage in a visual search, in violation of 49 CFR § 383.111(a)(7);

f. Failing to adhere to speed management, in violation of 49 CFR § 383.111(a)(9);

g. Failing to adhere to space management, in violation of 49 CFR § 383.111(a)(10);

h. Failing to adhere to hazard perception, in violation of 49 CFR § 383.111(a)(13);

i. Failing to engage in emergency maneuvers, in violation of 49 CFR § 383.111(a)(14);

j. Failing to perform vehicle inspections and specifically failing to identify the safety hazard of the lack of a right side hood mirror with regards to inference with visibility, in violation of 49 CFR § 383.111(a)(17);

k. Failing to manage fatigue and maintain awareness, in violation of 49 CFR § 383.111(a)(20);


Case 2:20-cv-04163-NKL Document 1-1 Filed 08/25/20 Page 6 of 11

Electronically Filed - Callaway - January 22, 2020 - 09:06 AM

l. Operating the NTL Truck while his ability or alertness was so impaired through fatigue, illness or some other cause such that it was unsafe for him to operate the NTL Truck in violation of 49 CFR § 392.3;

m. Texting and/or using a hand-held mobile telephone while driving the NTL Truck in violation of 49 CFR § 392.80 and/or 49 CFR § 392.82;

n. Operating the NTL Truck with a broken right-side hood mirror in violation of 49 CFR § 393.80; and/or

o. Other statutory and regulatory violations to be revealed during discovery.

29. The above-referenced Missouri statutes and Federal regulations were enacted and intended to protect Missouri motorists.

30. Decedent Craig Cooper is a member of the class of persons that the above-referenced Missouri statutes and Federal regulations were intended to protect.

31. The resulting injuries, pain, suffering and death of Craig Cooper are of the type of injuries that the above-referenced Missouri statutes and Federal regulations were designed to prevent.

32. As a direct and proximate result of the above-described negligence *per se* of Defendant Hales, Craig Cooper was killed, and Plaintiffs have suffered the damages described above.

33. The conduct of defendant Hales described herein showed complete indifference to or conscious disregard for the safety of Craig Cooper and others, thereby entitling Plaintiff to punitive damages and/or damages for aggravating circumstances.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendant Hales on Count II of her Petition for Wrongful Death, that the Court award plaintiff a fair and reasonable amount to adequately compensate her for all her damages, including punitive


Case 2:20-cv-04163-NKL Document 1-1 Filed 08/25/20 Page 7 of 11

Electronically Filed - Callaway - January 22, 2020 - 09:06 AM

damages and/or damages for aggravating circumstances, prejudgment interest, interest on the judgment, costs of this action and such other and further relief as this Court deems just and proper.

COUNT III
Vicarious/Respondeat Superior Liability – Defendant NTL

34. Plaintiff hereby incorporates by reference all preceding paragraphs contained in this Petition for Damages as though set forth in full and restated herein.

35. At all times relevant herein, the tractor-trailer that Defendant Hales was driving at the time of the subject collisions (i.e. the NTL Truck) was owned by and/or leased to Defendant NTL.

36. At all times relevant herein, Defendant Hales was an agent, servant and/or employee of Defendant NTL.

37. The negligence of Defendant Hales, as set forth in Count I and Count II, is imputable to Defendant NTL, which is therefore vicariously liable for Defendant Hales's acts and omissions, under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant NTL on Count III of their Petition for Wrongful Death, that the Court award Plaintiff a fair and reasonable amount to adequately compensate her for all damages, including punitive damages and/or damages for aggravating circumstances, prejudgment interest, interest on the judgment, costs of this action and such other. and further relief as this Court deems just and proper.

COUNT IV
Negligence – Defendant NTL

38. Plaintiff hereby incorporates by reference all preceding paragraphs contained in this Petition for Damages as though set forth in full and restated herein.

39. Defendant NTL is and at all times material hereto was a "motor carrier" and an "employer" of drivers of "commercial vehicles" as those terms are used and defined in the Federal


Case 2:20-cv-04163-NKL Document 1-1 Filed 08/25/20 Page 8 of 11

Electronically Filed - Callaway - January 22, 2020 - 09:06 AM

Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 C.F.R, Parts 382 *et seq*.

40. Defendant NTL was independently negligent, careless and/or reckless in or more of the following respects:

a. Failing to be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations in violation of 49 CFR § 390.3(e)(1).

b. Failing to instruct and ensure that Defendant Hales complied with all applicable regulations, in violation of 49 CFR § 390.3(e)(2).

c. Failing to properly maintain and/or inspect the NTL Truck, as well as failing to ensure the NTL Truck, its components and/or equipment, including but not limited to the NTL Truck's right-side hood mirror, were adequate, safe and or/or in operable condition.

d. In hiring Defendant Hales, an individual who it knew or should have known had inadequate experience, training, knowledge, and skill to safely operate the NTL Truck;

e. In entrusting the NTL Truck to an individual who it knew or should have known had inadequate experience, training, knowledge, and skill to safely operate the vehicle;

f. In entrusting the NTL Truck to an individual who it knew or should have known had exhibited a pattern of negligence, incompetence, and recklessness in the operation of motor vehicles;

g. Failing to adequately train, instruct, and supervise Defendant Hales concerning the safe operation of the NTL Truck; and/or

h. Other common law, statutory and regulatory violations to be revealed during discovery.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant NTL on Count IV of their Petition for Wrongful Death, that the Court award Plaintiff a fair and reasonable amount to adequately compensate her for damages, including punitive damages

and/or damages for aggravating circumstances, prejudgment interest, interest on the judgment, costs of this action and such other. and further relief as this Court deems just and proper.

## COUNT V
## Punitive Damages – All Defendants

41. Plaintiff hereby incorporates by reference all preceding paragraphs contained in this Petition for Damages as though set forth in full and restated herein.

42. At the time Defendant Hales was operating the NTL Truck and caused this collision, he knew, or in the exercise of ordinary care should have known, that his conduct was outrageous and created a high degree of probability of injury to others and thereby showed complete and reckless indifference to and conscious disregard for the safety of others including decedent Craig Cooper thereby entitling Plaintiff to an award of punitive damages.

43. At the time of the occurrence as alleged herein, Defendants NTL knew or in the exercise of ordinary care should have known that their conduct and that of its employee and agent was outrageous and created a high degree of probability of injury to others and thereby showed complete and reckless indifference to and conscious disregard for the safety of others including decedent Craig Cooper thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for an award of punitive damages that a jury determines to be fair and reasonable plus prejudgment interest, together with their costs and expenses herein incurred.


Case 2:20-cv-04163-NKL Document 1-1 Filed 08/25/20 Page 10 of 11
Electronically Filed - Callaway - January 22, 2020 - 09:06 AM

Electronically Filed - Callaway - January 22, 2020 - 09:06 AM

Respectfully Submitted,

DIPASQUALE MOORE, LLC

/s/ *Jason Moore*

Jason Moore #54592
Brian Tadtman #63280
Todd C. Lucas #66051
4050 Pennsylvania Ave, Suite 121
Kansas City, MO 64111
Tele: (816) 888-7500
Fax: (816) 888-7519
*jason.moore@dmlawusa.com*
*brian.tadtman@dmlawusa.com*
*todd.lucas@dmlawusa.com*
ATTORNEYS FOR PLAINTIFFS

**Demand for Jury Trial**

Plaintiffs hereby demand a jury trial on all issues of fact so triable and to the full extent of their rights under the Seventh Amendment of the Constitution and all applicable law.

/s/ Jason Moore
Attorney for Plaintiffs