# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CHERIE DOYLE, Individually, as natural Sister of Craig Cooper and on behalf of the class of individuals as defined in Mo. Rev. Stat. § 537.080,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL TRUCKLOAD, INC. and RAY ELVIS HALES II,<br><br>Defendants. | No. 2:20-cv-04163 |

## ORDER

Defendant Ray Elvis Hales, II moves pursuant to Rule 12(b)(5) to dismiss or to quash service of the summons and complaint. For the reasons discussed below, the motion to dismiss or to quash is DENIED.

## I. BACKGROUND

Plaintiff alleges that the negligence of National Truckload, Inc., and its employee Ray Hales, II, caused their tractor-trailer to collide with a car that Plaintiff's brother Craig Cooper was driving, resulting in Mr. Cooper's death.

Plaintiff attempted to serve Defendant Hales with process on multiple occasions and at various addresses where he resided in and around Erie, Pennsylvania, and other locations. *See* Doc. 20-1, pp. 2, 4, 5, 9, 11, 13, 15. She attempted to serve him at his office or usual place of business via the Sheriff. *Id.*, p. 5. Hales subsequently filed the instant motion to dismiss this action or quash service of process, asserting that, because he was not an employee of National Truckload Inc. at the time of service, service was not effective under applicable law. Doc. 14.

While Plaintiff was attempting to serve Hales, "Hales was being prosecuted for criminal violations in connection with the death of Craig Cooper [that] form[] the basis of" this case. A warrant for Hales' arrest was issued on February 26, 2020. Doc. 20-4. On May 14, 2020, the attorney representing the defendants in this action entered an appearance on behalf of Hales in the criminal matter. Doc. 20-5.

On September 16, 2020, after Hales failed to appear for sentencing, a warrant for Hales' arrest for failure to appear was issued. Doc. 20-6. Plaintiff had planned to again try to serve Hales at that sentencing hearing, but, because of his non-appearance, she was unable to do so.

Plaintiff's counsel states that "Counsel for Defendant Hales advised that Defendant Hales had been living with his father, Ray Hales, I." Doc. 20, p. 4. On September 18, 2020, Plaintiff's process server served Defendant Hales' father, Ray Elvis Hales, I, at his apartment. Doc. 20-7.

## II.    DISCUSSION

Federal Rule of Civil Procedure 12(b)(5) permits parties to assert the defense of "insufficient service of process" by motion.

Although Hales did not furnish evidence with his motion showing that he was not employed by National Truckload when Plaintiffs served the summons and complaint upon that business, he has since supplied an affidavit indicating that Hales' employment with National Truckload ceased in June 2019, well before the attempted service. Therefore, evidence indicates that Plaintiffs' attempt to serve Hales at National Truckload was not effective.

However, Plaintiff also furnished evidence that she served Hales at his father's home, where Hales himself resides. *See LaBarge Realty, LLC v. SanD Dev., LLC,* No. 18-CV-1904 JAR, 2019 WL 2057588, at *5 (E.D. Mo. May 9, 2019) ("The Eighth Circuit has held that a signed return of service constitutes prima facie evidence of valid service, 'which can be overcome only

by strong and convincing evidence.'" (citing, *inter alia Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955)).

Federal Rule of Civil Procedure 4(e)(2) permits service by "leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . ." Rule 4(e)(2)(B). Rule 4(e)(1) also permits service in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." The law of both Missouri and Pennsylvania (where Hales purportedly was served) permit service upon a family member of suitable age with whom the defendant resides. *See* Missouri Supreme Court Rule 54.13(b)(1) (providing that personal service on individual may be made "by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years"); 231 Pa. Code Rule 402(a)(2)(i) ("Original process may be served . . . (2) by handing a copy (i) at the residence of the defendant to an adult member of the family with whom he resides . . . ."). Under the relevant rules, service upon Hales' father at Hales' place of residence is sufficient service.

Hales claims—but has furnished no evidence showing—that he did not reside with his father at the relevant time. Thus, Plaintiffs' prima facie evidence of service has not been overcome. Accordingly, the Court finds that Plaintiff's service upon Hales through his father at his residence was sufficient. *See* Wright and Miller § 1353 Motions to Dismiss—Insufficiency of Process and Service of Process, 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.) ("If the record before the court does not reveal any deficiency in the process or in its service, the defendant's motion to dismiss or to quash service must be denied.").

## III. CONCLUSION

For the reasons discussed above, Hales' motion to dismiss or to quash service, Doc. 14, is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 21, 2020
Jefferson City, Missouri